UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil No.: 4:09-CV-40106-FDS

_____
                                        )
CHRISTINE ZEOLLA, Individually and as   )
Administratrix of the Estate of Mario Zeolla, )
                                        )
Plaintiff,                              )
                                        )
v.                                      )
                                        )
FORD MOTOR COMPANY,                     )
                                        )
Defendant.                              )
_____)

**DEFENDANT FORD MOTOR COMPANY'S MEMORANDUM IN OPPOSITION TO THE PLAINTIFF'S MOTIONS *IN LIMINE* TO PRECLUDE STATE TROOPERS JOHN C. JAKUBOWSKI'S AND DARREN S. DEJONG'S OPINIONS THAT HAD MARIO ZEOLLA AND NOAH SORENSON BEEN WEARING THEIR SEATBELTS, THEY WOULD HAVE SURVIVED THE ACCIDENT**

The plaintiff argues in her motions *in limine* that Massachusetts State Troopers Jakubowski's and DeJong's opinions that had Mr. Zeolla been wearing his seatbelt he would not have been ejected and killed in this crash should be excluded because the opinions are inadmissible under the Massachusetts seatbelt statute and because they lack adequate foundation. The plaintiff's motions should be denied because Ford Motor Company ("Ford") will lay the proper foundation for Trooper Jakubowski's and Trooper DeJong's opinions at trial, and in any event, Trooper Jakubowski's accident reconstruction report and Trooper DeJong's motor vehicle crash report containing their opinions are admissible under Federal Rule of Evidence 803(8).

1

First and foremost, the Massachusetts seatbelt statue should not be applied to bar evidence of Mr. Zeolla's seatbelt nonuse in this case because the statute governs the admissibility of evidence in the Massachusetts state courts, not the federal court. See Ford's Memorandum in Opposition to the Plaintiff's Motion *in Limine* to Preclude the Use of Mario Zeolla's Failure to Wear His Seatbelt as Evidence of Comparative Negligence, Proximate Cause, Superseding Cause, and Sole Proximate Cause.

Second, to the extent the plaintiff argues that Trooper Jakubowski's and Trooper DeJong's opinions lack adequate foundation, the motion *in limine* is premature. Ford will lay an adequate foundation for both Troopers' testimony when they testify during the trial. Trooper Jakubowski is an accident reconstructionist with the Massachusetts State Police. His training and experience qualify him to have opinions and make observations about the accident. He has been an accident reconstructionist for over 10 years and has been certified as such since 1992. See Deposition Transcript of Trooper John Jakubowski, Aug. 19, 2010, pp. 5-7, attached as Exhibit A. He has special training and education in the field of accident reconstruction and has performed over 450 reconstructions. Id. Trooper Jakubowski performed the accident reconstruction in this case and authored a detailed report summarizing his findings, opinions, and conclusions. Trooper DeJong was the primary state trooper assigned to investigate this accident. He has been a state trooper since 1986, and has investigated accidents and offered opinions on collisions and accident reconstruction frequently since that time. See Deposition of Trooper Darren DeJong, Aug. 3, 2010, pp. 32, 34, attached as Exhibit B. His training and experience

qualify him to make observations and have opinions about the accident. Trooper DeJong testified at his deposition that he came to his conclusions by reviewing witness statements and his own observations of the scene. See Exhibit B, pp. 33-34. He summarized his findings, incorporating information he learned from Trooper Jakubowski's reconstruction, witness statements, personal observations, and his knowledge and experience investigating motor vehicle accidents. See Exhibit B, pp. 34-35. Base on the background, education, training and experience of these two state troopers, Ford will lay a sufficient foundation for their testimony during the trial. The court should deny the plaintiff's motion as premature at this time.

Finally, the Troopers' opinions that had Mr. Zeolla been wearing his seatbelt he would have survived or walked away from the crash are admissible under the public reports exception to the hearsay rule. Federal Rule of Evidence 803 provides that certain types of hearsay evidence are admissible whether or not the declarant is available to testify. Fed. R. Evid. 803. Rule 803(8) permits a public record into evidence if in a civil case it sets out the factual findings from a legally authorized investigation and neither the source nor other circumstances indicate a lack of trustworthiness. Fed. R. Evid. 803(8). Trooper Jakubowski's accident reconstruction report and Trooper DeJong's motor vehicle crash report are admissible because they contain fact-based conclusions and opinions under Rule 803(8).

Rule 803(8) permits the admission of factual findings and opinions contained in official public reports. Beech Aircraft Co. v. Rainey, 488 U.S. 153, 164 (1988). In Rainey, the plaintiff sued Beech Aircraft Company for the death of his wife, a Navy pilot who died in a crash after a sharp turn and loss of altitude. Id. at 156-157. At

trial, the defendant introduced the Navy investigative report, or JAG report, prepared by a lieutenant on order of the commanding officer and pursuant to authority granted to him, which included statements suggesting that pilot error and not defect caused the crash. Id. at 157. The report contained sections labeled "findings of fact," "opinions," and "recommendations" about the cause of the accident and the impossibility of determining what exactly happened. Id. On appeal, the plaintiff argued that Rule 803(8) did not encompass conclusions and opinions contained in the report, only factual findings. Id. at 160. The U.S. Supreme Court disagreed, holding that "factually based conclusions or opinions are not [excluded] from the scope of Rule [803(8)]." Id. at 162. The Court reasoned that the language of the rule does not state "factual findings," but rather reports setting forth factual findings, and with no distinction between "fact" and "opinion" a broad and plain reading of the rule permits admission of the JAG report in its entirety. Id. at 164. Similar to Rainey, the Troopers' reports in this case detail the facts of the accident sequence as well as their conclusions as to the cause of the accident and opinions why Mr. Zeolla was ejected and killed. As in Rainey, all of the information contained in the Troopers' reports is properly admissible.

     In Schwartz v. United States, the plaintiff sued under the Federal Tort Claims Act alleging negligence by a Postal Service driver which resulted in collision with her vehicle. 149 F.R.D. 7, 8 (D. Mass. 1993). At trial, the plaintiff introduced into evidence the motor vehicle accident report authored by a city police officer, and the defendant objected. Id. The defendant argued that the report was not based on a factual investigation because the officer did not see the accident and most of his

investigation involved interviewing witnesses. <u>Id.</u> at 9. The officer's report listed identifying data of the vehicles, drivers, witnesses, location of the accident, existence of traffic controls, diagram of what happened, description of the road conditions, and light and weather conditions. <u>Id.</u> The report further stated that the Postal Service driver caused the accident. <u>Id.</u> The court noted that factual findings include factually based conclusions and opinions, and that the report was admissible because it was the officer's official responsibility to investigate the accident, and a broad interpretation of Rule 803(8) "provides for admissibility of a public office's and agency's factual investigations, including conclusions and opinions therein contained . . . ." <u>Id.</u> at 10 (quoting <u>Rainey</u>, 488 U.S. at 170) (internal quotation marks omitted). Troopers Jakabowski's and DeJong's reports contain facts about the crash and fact-based opinions and conclusions similar to those in <u>Schwartz</u> including accident facts, witness information, diagram of the accident scene, and opinions concerning how the crash and injuries to the occupants occurred. As such, their reports are admissible in this case.

<u>Sabel v. Mead Johnson & Company</u> perhaps provides the strongest support that the Troopers' reports are admissible under Rule 803(8)'s exception to the hearsay rule. In <u>Sabel</u>, the plaintiff sought to introduce a letter authored by the Director of the FDA's Division of Neuropharmacological Drug Products that recommended boxed warnings be included with a drug sold by the defendant. 737 F. Supp. 135, 142 (D. Mass. 1990). The court held the letter was admissible under Rule 803(8)'s public records exception. <u>Id.</u> The letter was admissible even though it was entirely based upon facts and data that the Director did not independently collect. <u>Id.</u>

The court found persuasive that the Director's opinion was based upon a factual investigation conducted by a reliable source other than the Director himself, and the FDA adopted the Director's analysis and opinion as its own. Id. The court opined that although individual investigation by the Director would have provided additional data for analysis, it would not have changed the ultimate opinion. Id. at 143. The Director prepared the letter pursuant to the FDA's statutory responsibility to regulate the safe marketing of drugs, which falls within the official requirements of Rule 803(8). The court adopted the position that "as long as the public report contains factual findings and satisfies Rule 803(8)(C)'s trustworthiness requirement, the opinions and conclusions incorporated therein should be admitted over a hearsay exception." Id. at 142 (citing Rainey, 488 U.S. at 169), 144.

Unlike in Sabel, where the Director did not personally gather the facts he relied on to form his admissible opinions and conclusions, the Troopers actually performed their own investigations, gathered facts, made findings, and offered opinions and conclusions based on their accident reconstruction and investigations. Here as in Sabel, the reports were made pursuant to a legally authorized investigation and are properly admissible in their entirety in this case. See also Nna v. Am. Standard, Inc., 630 F. Supp. 2d 115, 124 (D. Mass. 2009) ("[O]pinions and conclusions contained in public reports are similarly exempt from the hearsay rule [a]s long as the conclusion is based on a factual investigation and satisfies the Rule's trustworthiness requirement." (internal quotation marks omitted)).

The Troopers' reports contain both factual findings resulting from investigation and their opinions and conclusions about the accident. The opinion that

had Mr. Zeolla wore his seatbelt, he would have survived or walked from the crash is properly admissible because "[a]s long as the conclusion is based on factual investigation and satisfies the Rule's trustworthiness requirement, it should be admissible along with other portions of the report." Rainey, 488 U.S. at 170. See also P.R. Ports Auth. v. M/V Manhattan Prince, 897 F.2d 1, 8 (1st Cir. 1990) (refusing to find inadmissible conclusory statements contained in a coast guard report about the cause of the accident because the report was primarily based on witness interviews); Masello v. Stanley Works, Inc., 825 F. Supp. 2d 308, 315-316 (D.N.H. 2011) (quoting Lubanski v. Coleco Indus., Inc., 929 F.2d 42, 45 (1st Cir. 1991)) (OSHA report admissible under Rule 803(8) because report was based on investigator's factual investigation, and conclusion was based principally on admission of witness deemed trustworthy because admission was repeated under oath).

Any concern that Trooper Jakubowski's or Trooper DeJong's opinions are unreliable is remedied by the second section of Rule 803(8) which permits admission of public reports if "neither the source of information nor other circumstances indicate a lack of trustworthiness." Fed. R. Evid. 803(8)(B). The trustworthiness provision avoids "an arbitrary distinction between 'fact' and 'opinion,'" is the primary safeguard against the admission of unreliable evidence, and it applies to *all* elements of public reports. See Rainey, 488 U.S. at 167. The Advisory Committee Notes to Rule 803 suggest a non-exclusive list of four factors to consider in determining trustworthiness: (1) the timeliness of the investigation; (2) the investigator's skill or expertise; (3) whether a hearing was held; and (4) possible bias when reports are prepared with a view to possible litigation. Id. at 449 n.11;

Schwartz, 149 F.R.D. at 10. The plaintiff has the burden of proving that the report is untrustworthy and she cannot do so in this case. See Schwartz, 149 F.R.D. at 11; Sabel, 737 F. Supp. at 141. Public reports containing factual findings, opinions, and conclusions like Troopers Jakubowski's and DeJong's are the exact type of reports which are admissible into evidence in their entirety.

For all of the above reasons, the plaintiff's Motions *in limine* to Preclude State Troopers John C. Jakubowski's and Darren S. DeJong's Opinions That Had Mario Zeolla and Noah Sorenson Been Wearing Their Seatbelts, They Would Have Survived the Accident and Statements of Supporting Reasons should be denied.

**FORD MOTOR COMPANY**
By its Attorneys,

CAMPBELL CAMPBELL EDWARDS & CONROY, P.C.

        */s/ Michelle M. Byers*
Michelle M. Byers (BBO No. 684836)
One Constitution Center
Boston, MA 02129
(617) 241-3000

## CERTIFICATE OF SERVICE

I hereby certify that this 12th day of February, 2013 I served a copy of the foregoing on all counsel of record via the Court's ECF system.

        */s/ Michelle M. Byers*
Michelle M. Byers